**Dated: March 30, 2012**
**The following is SO ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In re
CHARLES WAYNE ALEXANDER and                    Case No. 10-32756-L
PATRICIA McNATT ALEXANDER,                      Chapter 7
          Debtors.

BBC Holding, Inc.,
          Plaintiff,
v.                                              Adv. Proc. No. 11-00062
Charles Wayne Alexander and
Patricia McNatt Alexander,
          Defendants.

_____

**ORDER DENYING DEFENDANTS' THIRD MOTION TO DISMISS**

_____

BEFORE THE COURT is the Defendants' Motion to Dismiss the Amended Complaint for

Failure to State a Claim filed by the Defendants, Charles Wayne Alexander and Patricia McNatt

Alexander (Dkt. No. 37), and the Plaintiff's response thereto (Dkt. No. 40).  This third motion to

dismiss seeks to dismiss the amended complaint for failure to state a claim upon which relief can

be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy by

Federal Rule of Bankruptcy Procedure 7012(b). The amended complaint asks the court to determine that a portion of the judgment debt owed by the Defendants to the Plaintiff, BBC Holding, Inc. ("BBC"), is excepted from pursuant to 11 U.S.C. § 523(a)(6).

I addressed the jurisdiction of the bankruptcy court to hear and determine this adversary proceeding in my prior Order Conditionally Granting Defendants' Motion to Dismiss, dated October 13, 2011 (Dkt. No. 34). There I also described the allegations of the original complaint concerning the claim for relief under section 523(a)(6). I found those allegations to be inadequate under the standard set forth in Federal Rule of Civil Procedure 8(a), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7008(a), directing that a pleading provide "a short and plain statement of the claim showing that the pleader is entitled to relief." I also noted that mere legal conclusions are not adequate to satisfy this pleading standard and are not entitled to the assumption of truth accorded to well-pleaded facts.

In support of the 523(a)(6) claim in the original complaint, the BBC Holdings alleged merely that:

> 18.    The injury to BBC caused by Debtors/Defendants was deliberate or intentional, with the Debtors/Defendants either intending the resulting injury or intentionally taking the action that Debtors/Defendants knew or were substantially certain to cause injury.

Dkt. No. 18. This statement failed to state a "plausible claim for relief." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009), citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007). Accordingly, the Plaintiff was given the opportunity to amend its complaint.

In the amended complaint, the Plaintiff alleges the following:

> 5.    Defendants have executed certain promissory notes payable to the order of

Oakland Deposit Bank.  These Notes were secured by deeds of trust secured by real estate.

6.  Oakland Deposit Bank has assigned all rights to the notes to BBC.

7.  Defendants defaulted on the repayment of these notes.  That BBC foreclosed on said properties secured by the deeds of trust in August 2008.

8.  That the properties foreclosed on by BBC were used as rental property by Defendants, much of which was Federal Section 8 Housing.

9.  That following the foreclosure of the properties, Defendants continued to collect rental payments from the renters of said properties.  Defendants continued to exercise control over rental payments after BBC demanded that all past and future rental payments be directed to BBC.  BBC sent written notice of this demand to Defendants in August 2008.

10.  That upon the foreclosure of the properties all rental income was property of BBC.  That upon the foreclosure of said properties, Defendants lost all right to the rental income derived from property owned by BBC.

11.  BBC filed suit against Defendants in Shelby County, Tennessee on August 31, 2009, to collect certain amounts owed to BBC.  In its Complaint, BBC alleged that Defendants "have fraudulently been converting rents of properties that are subject to the Promissory Notes."  See Complaint attached hereto as Exhibit A.[1]  That as alleged in such Complaint, "all promissory notes and deeds of trusts [sic] provide for rents to be accessible by the note holder.... Defendants have failed to make payments of these rentals to Plaintiff and fraudulently converted them to themselves totaling approximately One Hundred Twenty-Eight Thousand Dollars ($128,000.00).

12.  That on November 23, 2009, judgment was entered against the Debtors in the Circuit Court for Fayette County, Tennessee, on the Complaint.  A copy of the Order is attached hereto as Exhibit B.[2]

13.  That Defendants filed for bankruptcy protection following the judgment in the Circuit Court of Fayette County, Tennessee.

Dkt. No. 36.

---

[1]  Exhibit A was not attached to the amended complaint, but was attached to Dkt. No. 2.

[2]  Exhibit B was not attached to the amended complaint, but was attached to Dkt. No. 2.

Plaintiff alleges that the acts of the Defendants amount to an intentional conversion of the

Plaintiffs' property, and thus that the portion of the debt owed to Plaintiffs resulting from these acts

is excepted from discharge as a willful and malicious injury to property pursuant to section

523(a)(6).  Conversion is one of the intentional torts that may qualify under section 523(a)(6) as

willful and malicious.  *Steir v. Best (In re Best),* 109 Fed. Appx. 1, n.2 (6th Cir. 2004).  As set forth

in my prior opinion, "conversion" is "the appropriation of another's property to one's own use and

benefit, by the exercise of dominion over the property in defiance of the owner's right to the

property." *Ralston v. Hobbs,* 306 S.W.3d 213, 221 (Tenn. Ct. App. 2009).  A claim for conversion

is established by proof of the following elements: "(1) the appropriation of another's property to

one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the

true owner's rights." *Royal v. Select Portfolio Servicing, Inc.,* 2012 WL 174950, *5 (W.D. Tenn.

Jan. 20, 2012) (quoting *Greenbank v. Thompson*, 2010 WL 5549231, *3 (Tenn. Ct. App., Dec. 29,

2010)).

BBC has alleged that the Defendants received rents that belonged to BBCt and did not pay

them over to it.  This is an allegation of an appropriation of property.  BBC further alleged that it

gave notice to the Defendants that rents should be paid to it. This indicates that Defendants' exercise

of dominion over the rents was intentional.  BBC further alleged that it foreclosed the Defendants'

interests in the properties and they had no further interest in the rents. This indicates that the

Defendants' exercise of dominion over the rents was in defiance of the true owners' rights.  BBC's

amended allegations are factual and are susceptible to being admitted or denied by the Defendants.

They address each of the elements needed to establish the intentional tort of conversion.

Defendants argue that BBC should have done more.  They assert that BBC should have

provided information regarding notes, deeds of trust, notices of default, addresses of properties allegedly foreclosed or dates of foreclosure. Defendants also assert that BBC has failed to provide a calculation of its damages. All of these are matters of discovery and/or proof, and may be reached by Defendants' filing a motion for more definite statement pursuant to Rule 12(e). They do not, however, prevent the Defendants from understanding the claim made by the Plaintiff and the demand for relief sought against them. Defendants can either admit or deny that they retained rents received from tenants after receiving notice from BBC to turn rents over to it. And Defendants ought to be able to determine from their own records whether they agree or disagree with the amount sought to be excepted from discharge by BBC - $128,000.00.

The amended complaint filed by BBC in this adversary proceeding adequately states its claim that the Defendants became indebted to it as the result of conversion, a willful and malicious injury to its property. Therefore, the Plaintiff has stated a claim for relief under 11 U.S.C. § 523(a)(6). The motion to dismiss the amended complaint for failure to state a claim is **DENIED.** The Defendants shall have fourteen days from the entry of this order to file an answer or other permitted response to the amended complaint.


cc:    Debtors/Defendants
       Attorneys for Debtors/Defendants
       Plaintiff
       Attorney for Plaintiff
       Chapter 7 Case Trustee